IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOBBY JONES,  )
         Plaintiff,  )
           )
v.  ) Case No. 09-CV-397
           )
FED EX NATIONAL LTL, INC.,  ) Judge Sharon Johnson Coleman
         Defendant.  )

## DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

### INTRODUCTION

Plaintiff received his day in Court but failed as a matter of law to introduce evidence necessary to support a finding against Defendant for retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq*). Plaintiff failed at every turn to introduce evidence sufficient to allow any reasonable juror to find any of the following, all of which are necessary to establish a retaliatory discharge claim under the direct method: (i) that Plaintiff was engaged in a statutorily protected activity; (ii) that Defendant took a materially adverse action (i.e., that Plaintiff was terminated); and (iii) the existence of a causal connection between the two.[1]

Plaintiff has not demonstrated that Defendant is liable under Title VII of the Civil Rights Act and, therefore, Defendant is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

---

[1] Plaintiff has made clear through his case-in-chief that he is proceeding only under the "direct method" in attempting to establish his retaliatory termination claim. However, even if Plaintiff were attempting to prove his claim under the "indirect method," his claim would also fail as a matter of law. Plaintiff has failed to introduce evidence sufficient to allow a reasonable juror to find any of the following, all of which are necessary to establish a retaliatory termination claim under the "indirect method": (i) that Plaintiff was engaged in a statutorily protected activity; (ii) that Plaintiff met his employer's legitimate expectations; (iii) that Plaintiff suffered an adverse employment action (i.e., termination); and (iv) that Plaintiff was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.

# ARGUMENT

Federal Rule of Civil Procedure 50 permits a Court to grant judgment as a matter of law "as soon as it becomes apparent that a plaintiff cannot establish an essential element of [his] claim." *Greene v. Potter*, 557 F.3d 765, 768 (7th Cir. 2009) (granting defendant's motion for a directed verdict on plaintiff's Title VII discrimination claim *prior* to the close of plaintiff's case-in-chief). In assessing the evidence, "[t]he question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury properly could find a verdict for that party."[2]

## I. Plaintiff Failed To Establish His Retaliatory Discharge Claim.

To prove a prima facie case of retaliation, Plaintiff must establish by a preponderance of the evidence that (i) he was engaged in a statutorily protected activity; (ii) Defendant took a materially adverse action (i.e. termination) against him; and (iii) there was a causal connection between the two. *See, e.g., Amrhein v. Health Care Serv. Corp.*, 546 F.3d 854, 858 (7th Cir. 2008).[3] Plaintiff's evidence in this case falls far short of establishing any, much less all, of the required elements. Moreover, Plaintiff's focus on Mr. Green is grossly misplaced as Plaintiff's claim only concerns his own employment circumstances and not those of Mr. Green or any other employee. The evidence Plaintiff presented in his case-in-chief falls short of that needed to support a jury's finding in his favor as to even a single element of the retaliatory discharge claim. Therefore, the Court should grant judgment in favor of Defendant pursuant to Federal Rule of Civil Procedure 50.

---

[2] Wright & Miller, Federal Practice and Procedure § 2524; *Walker v. Bd. of Regents*, 410 F.3d 387, 393 (7th Cir. 2005).

[3] As discussed above, Plaintiff has been clear that he is only proceeding under the "direct method." However, Plaintiff's claim fails under the "indirect method" as well and for similar reasons – he cannot establish that he met his employer's legitimate expectations given his well-documented tardiness; he failed to prove that he was terminated; and he has not identified a single similarly situated employee who did not engage in protected activity and was treated more favorably.

Plaintiff has failed to establish that he engaged in statutorily protected activity – such as bringing a complaint for race discrimination – and that he was terminated as a result. Instead, the evidence clearly establishes, and Plaintiff's own witnesses have testified, that Plaintiff quit his employment. Simply put, no evidence of the required causal connection exists and Plaintiff has failed to establish such a connection during his case-in-chief. Moreover, Plaintiff has presented no evidence that he was actually terminated. Thus, there is no materially adverse action and, as a result, there cannot be a finding of retaliation as a matter of law. No reasonable juror could conclude that Plaintiff was terminated in retaliation for refusing to participate in, or complaining about, race discrimination.

## II. Plaintiff Has Failed To Present Sufficient Evidence Of Malice Or Reckless Indifference To Support His Punitive Damages Claim.

Under Title VII, punitive damages may only be recovered "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Where the plaintiff does not provide "sufficient evidence of malice or reckless indifference," the court must not "submit a punitive damages instruction to the jury." *Summit v S-B Power Tool*, 121 F.3d 416, 423 (8th Cir. 1997). Here, Plaintiff has failed at every turn to prove malice or reckless indifference.

No reasonable juror could conclude that Defendant acted with malice or reckless indifference toward Plaintiff based on his alleged discharge in retaliation for refusing to participate in, or complaining about, race discrimination. As such, the Court should grant judgment as a matter of law in favor of the Defendant on the issue of Plaintiff's punitive damage claim.

## CONCLUSION

WHEREFORE, for the reasons set forth in this motion, Defendant respectfully requests that this Court grant its Motion for Judgment as a Matter of Law and enter judgment against Plaintiff.

Respectfully submitted,

Dated: December 9, 2010

**FED EX NATIONAL LTL, INC.**

By: /s/ Rachel E. A. Atterberry
One of Its Attorneys

Helen N. Baker (#6215824)
Joseph P. Roddy (#6204031)
Rachel E. A. Atterberry (#6282453)
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60601
(312) 360-6000